UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kelly Marie Engebretson,   Civil File No. 14-cv-01435 ADM/FLN

Plaintiff,

v.

Aitkin County; Big Stone County; City of Biwabik; City of Bloomington; City of Breitung; City of Brooklyn Park; City of Burnsville; City of Cambridge; City of Coon Rapids; Dakota Communications Center; Dodge County; City of Duluth; City of Eveleth; City of Floodwood; City of Golden Valley; Hennepin County; City of Inver Grove Heights; City of Isanti; Isanti County; Kanabec County; Lake County; City of Minneapolis; City of Moorhead; City of Moose Lake; City of Mounds View; City of Oakdale; Otter Tail County; Pine County; Ramsey County; City of Roseville; City of Sartell; City of St. James; St. Louis County; City of St. Paul; City of Staples; City of Virginia; Washington County; City of White Bear Lake; Wright County; Michael Campion, in his individual capacity as the Commissioner of the Department of Public Safety; Ramona Dohman, in her individual capacity as the Commissioner of the Department of Public Safety; John and Jane Does (1-500) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies; Department of Public Safety Does (1-30) acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety; and Entity Does (1-50) including cities,

counties, municipalities, and other entities
sited in Minnesota,
                              Defendants.

**DEFENDANTS CITIES OF BLOOMINGTON, COON RAPIDS, AND MOUNDS VIEW'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Defendants Cities of Bloomington, Coon Rapids and Mounds View, for their Answer to Plaintiff's First Amended Complaint, state and allege as follows:

1.  Unless hereafter admitted, qualified or otherwise answered, these Defendants specifically deny each and every thing, matter and particular alleged in Plaintiff's First Amended Complaint or otherwise.

2.  With respect to Plaintiff's Introduction, it contains general statements which summarize allegations found within Plaintiff's First Amended Complaint and to which no response is required. To the extent an answer is required, these answering Defendants specifically deny any illegal searches or invasion of privacy of Plaintiff.

3.  These answering Defendants specifically deny Plaintiff has been damaged and put Plaintiff to her strict burden of proof.

## GENERAL BACKGROUND OF LAW AND FACTS

4.  With respect to paragraph 1, these answering Defendants specifically deny Plaintiff was damaged and put Plaintiff to her strict burden of proof. These answering Defendants additionally specifically deny illegally obtaining, viewing, or disseminating Plaintiff's personal information.

5. With respect to paragraphs 7-9, these answering Defendants admit generally federal questions should be resolved in federal court; however, the alleged actions do not rise to a level of a federal statutory or constitutional deprivation and, therefore, these answering Defendants specifically deny jurisdiction of this Court.

6. With respect to paragraphs 2, 4-6, 76-77, 80-82, 84, 101-105, 126-130, 206-210, 288-303, 375, 377-378, 400-403, 412-417, 421-424, 426, 428-448, 453, 455-456, 488-497 and 499-503, these answering Defendants specifically deny the allegations.

7. With respect to paragraphs 25, 30 and 40, these answering Defendants admit they are municipalities as defined in Minn. Stat. § 466.01.

8. With respect to paragraphs 24, 26-29, 32-36, 38-39, 41-44, 46-49, 96-100, 106-125, 131-135, 148-161, 167-176, 198-205, 211-215, 239-253, 264-273, 279-283, these paragraphs refer to cities that were dismissed by the Court's November 7, 2014 Order and no response is required.

9. With respect to paragraphs 50 and 52, these paragraphs do not pertain to these answering Defendants and no response is required. To the extent a response is required, these answering Defendants specifically assert they are without information to form a belief as to the truthfulness of the allegations.

10. With respect to paragraphs 75 and 425, these answering Defendants admit the allegations.

11. With respect to paragraphs 51, 53-54, 59, 405, 407-409, 449-450 and 454, no response is required. To the extent a response is required, deny.

12. With respect to paragraphs 11-23, 31, 37, 45, 55-58, 72-73, 79, 83, 86-95, 136-147, 162-166, 177-197, 216-238, 254-263, 274-278, 284-287, 304-374, 379-387, 389, 410-411, 418, 460-480, and 498, these paragraphs do not pertain to these answering Defendants and no response is required.

13. With respect to paragraph 74, these answering Defendants admit the Minnesota Driver's License application states, "you must provide your social security number according to M.S. § 171.06 and the Social Security Act, 42 U.S.C. § 666(a)(13). Your social security number is also required to determine your eligibility for a commercial driver's license under federal motor carrier safety regulations, 49 C.F.R. § 383.153.  It is used to administer child support enforcement programs and locate individuals to establish paternity.  It is also used to confirm your identity and residential address with the Social Security Administration, the Minnesota Department of Revenue, the Internal Revenue Service, Minnesota Department of Natural Resources; and the Minnesota Department of Human Services."

14. With respect to paragraphs 3, 10, 60-71, 78, 85, 376, 388, 390-399, 406, 419-420, 427, 451-452, 457-459, and 482-484, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and put Plaintiff to her strict burden of proof.

15. With respect to paragraph 404, these answering Defendants admit in general Plaintiff's attorney sent a letter to the entities requesting private information and legal conclusions to which no response was required.

16. With respect to paragraph 481, these answering Defendants incorporate by reference the foregoing paragraphs.

17. With respect to paragraphs 485-487, these paragraphs state Plaintiff's legal conclusions and no response is required. To the extent any further response is required, these answering Defendants specifically deny the same.

18. With respect to paragraph 504, no response is required.

19. With respect to the relief sought in Plaintiff's First Amended Complaint, these answering Defendants specifically deny the request.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, these answering Defendants reassert each preceding paragraph and state:

1. These answering Defendants affirmatively allege Plaintiff's First Amended Complaint fails to state a cause of action upon which relief can be granted.

2. These answering Defendants affirmatively allege this Court lacks subject matter and/or personal jurisdiction.

3. These answering Defendants affirmatively allege Plaintiff's claims are barred by the doctrines of qualified, statutory and official immunity.

4. These answering Defendants affirmatively allege Plaintiff's claims are barred by the applicable statute of limitations.

5. These answering Defendants affirmatively allege if Plaintiff has sustained damages as alleged in her First Amended Complaint, these are the result of acts or

omissions of Plaintiff or third persons over whom these answering Defendants had no control and for which these answering Defendants have no responsibility.

6. These answering Defendants affirmatively allege to the extent Plaintiff suffered damages, she has failed to mitigate her damages.

7. These answering Defendants affirmatively allege improper joinder of claims pursuant to Fed. R. Civ. P. 20(a)(2).

8. These answering Defendants affirmatively allege Plaintiff has failed to comply with *Twombly* pleading requirements demonstrating how each individual defendant caused or contributed to any of Plaintiff's purported damages.

9. These answering Defendants affirmatively allege the rule of lenity bars this action.

10. These answering Defendants affirmatively allege the conduct alleged by Plaintiff is not so severe and oppressive to rise to the level of a due process violation.

11. These answering Defendants affirmatively allege the doctrine of *in pari delicto* bars Plaintiff's claims.

12. These answering Defendants affirmatively allege Plaintiff has failed to conduct a reasonable and proper inquiry regarding a legitimacy basis or proper defendants for her remaining claims.

WHEREFORE, these answering Defendants pray Plaintiff take nothing by this claim for relief; that these answering Defendants be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that these answering Defendants be

given judgment for costs and disbursements and for such other relief as the Court may deem just and equitable.

Dated:  December 3, 2014  IVERSON REUVERS CONDON

By___s/Jon K. Iverson_____
Jon K. Iverson (#146389)
Susan M. Tindal (#330875)
Stephanie A. Angolkar (#388336)
9321 Ensign Avenue South
Bloomington, MN  55438
(952) 548-7200
jon@irc-law.com
*Attorneys for Cities of Bloomington, Coon Rapids and Mounds View*